**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIA SUSANA BENITEZ-DE LOPEZ; ANDRES EZEQUIEL LOPEZ-BENITEZ, | No. 23-2023 Agency Nos. A220-687-096 A208-949-765 |
| Petitioners, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2024**
Pasadena, California

Before: W. FLETCHER and CALLAHAN, Circuit Judges, and MÁRQUEZ, District Judge.

Maria Susana Benitez De Lopez ("Benitez De Lopez") and her son, Andres

Ezequiel Lopez-Benitez, natives and citizens of El Salvador, petition for review of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Board of Immigration Appeals ("BIA") decision dismissing their appeal from an Immigration Judge's ("IJ") (collectively "agency") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

Where, as here, "the BIA adopts and affirms the IJ's decision by citing *Matter of Burbano*, [20 I. & N. Dec. 872 (B.I.A. 1994),] it is adopting the IJ's decision in its entirety," *Lezama-Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011), and we review the IJ's decision as if it were that of the BIA, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). "We review the agency's legal conclusions de novo and its factual findings for substantial evidence." *J.R. v. Barr*, 975 F.3d 778, 781 (9th Cir. 2020). Substantial evidence is an extremely deferential standard, requiring the petitioner to "establish that the evidence not only supports" but "compels" the conclusion that the agency's findings are erroneous. *Farah*, 348 F.3d at 1156 (emphasis omitted).

1.      Substantial evidence supports the agency's determination that Benitez De Lopez is not eligible for asylum or withholding of removal. Benitez De Lopez failed to show that the government of El Salvador was "unable or unwilling" to control the source of persecution. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th

---

[1]      Benitez De Lopez's son is a derivative applicant on her asylum application.

Cir. 2005). After the first incident, Benitez De Lopez went to the police, and they told her that they could not help because she "did not present them with any physical description" of the perpetrators. She did not return to the police with a physical description, so "failed to provide the police with sufficiently specific information to permit an investigation or an arrest." *See Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013).

The record also does not compel a finding that Benitez De Lopez experienced persecution or fears future persecution on account of membership in a particular social group. Substantial evidence supports the agency's determination that her claimed social group, "Salvadoran women who have been victims of violent gangs that the government of El Salvador cannot or will not control," is not socially distinct. The only evidence that Benitez De Lopez presented apart from her testimony was the 2021 U.S. State Department Human Rights Report on El Salvador, noting the prevalence of sexual violence in the country. However, "these generalized statistics" do not compel a finding that society perceives her claimed social group as distinct. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181–82 (9th Cir. 2021).

2. Finally, Benitez De Lopez waived her claim for CAT relief because she did not "specifically and distinctly" raise the issue in her opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

23-2023

**PETITION DENIED**.